# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. GABBA, | CASE NO. 1:10-cv-00414-OWW-GBC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| ARNOLD SCHWARZENEGGER, et al., | (Doc. 1) |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(Doc. 12) |
| | THIRTY-DAY DEADLINE |

## I. Procedural History

Plaintiff Thomas J. Gabba ("Plaintiff") is a civil detainee involuntarily committed pursuant to California's Sexually Violent Predator Act ("SVPA"), Cal. Welf. & Inst. Code § 6600, et seq., and is proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff is proceeding pro se and in forma pauperis in this action. On March 9, 2010, Plaintiff filed the original complaint which is presently before this Court. (Doc. 1). On October 14, 2010, Plaintiff filed a motion for injunctive relief. (Doc. 12).

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

'Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.' *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000). 'Additionally, in general, courts must construe pro se pleadings liberally.' *Id.* A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.     Plaintiff's Complaint**

    **A.     Summary of Allegations**

Plaintiff is a civil detainee involuntarily committed pursuant to California's SVPA and is currently detained at Coalinga State Hospital ("CSH")) in Coalinga, California. In 2009, the Department of Mental Health (DMH) passed an emergency regulation which prohibited possession of various electronic devices with the capability to connect to a wired and/or wireless communications network.[1] Cal. Code Regs., tit. 9 § 4350 (2010). Plaintiff does not allege what

---

[1] The final regulation was issued in 2010.

2

property he owns that is subject to the regulation.

In the complaint, Plaintiff names former governor Arnold Schwarzenegger, Secretary of the Department of Health and Human Services S. Kimberly Belshe, former Director of the California Department of Mental Health Stephen Mayberg and Executive Director of Coalinga State Hospital Pam Ahlin ("Defendants") in their official capacities as defendants in this action. Plaintiff seeks damages and injunctive relief to prevent the Department of Mental Health from enforcing the new regulation which will lead to the confiscation of electronics such as computers and game systems from all the patients. (Doc. 1 at 3).

### B. Case or Controversy Requirement

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); *Human Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010); *Chandler v. State Farm Mutual Auto. Ins. Co.*, 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. *Human Life of Washington Inc.*, 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)) (quotation marks omitted). Related to standing is the doctrine of ripeness, which precludes from consideration injuries that are speculative and may never occur. *Chandler*, 598 F.3d at 1122 (citation omitted). Ripeness is a question of timing and can be characterized as standing on a timeline. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quotations and citations omitted).

At the time Plaintiff filed this action, his electronics had not been confiscated pursuant to section 4350 and it is unclear when or even if the regulation will be enforced against Plaintiff. The mere existence of the regulation does not satisfy the case or controversy requirement, *Thomas*, 220 F.3d at 1139 (citation omitted), and therefore, Plaintiff's claims are unripe and are subject to dismissal for lack of subject matter jurisdiction. However, given the passage of time between the initiation of this suit and the issuance of the screening order, the Court will permit Plaintiff leave to

amend in the event that this deficiency is curable. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

## IV. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc*., 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation omitted)(emphasis added). The Ninth Circuit has made clear that "[T]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable.*"* *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." *Flast v. Cohen*, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. *Rivera v. Freeman*, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968,

972 (1997) (quotations and citations omitted) (emphasis in original).  A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motion, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  As the moving party, it is Plaintiff who bears the burden, and the burden does not shift to defendants unless and until plaintiff's burden has been met.

Plaintiff has failed to demonstrate that the Court has jurisdiction to hear his claim, and has failed to demonstrate how confiscation of electronics would amount to irreparable harm that could not be resolved with a remedy post-deprivation.  Therefore, the Court, in its discretion, will deny the motion for a preliminary injunction without prejudice.

## V.  Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed March 9, 2010, is dismissed for failure to state a claim upon which relief may be granted (Doc. 1);

3. Plaintiff's motion for injunctive relief, filed October 14, 2010, is DENIED (Doc. 12);

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.IT IS SO ORDERED.

Dated:   August 2, 2011                             /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE